**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 16, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP284**

Cir. Ct. No. 2017CV1363

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN EX REL. MARCUS J. KERBY,

    PETITIONER-RESPONDENT,

  V.

JON LITSCHER,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: SHELLEY J. GAYLORD, Judge. *Dismissed*.

Before Fitzpatrick, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.    John Litscher, as secretary of the department of corrections, appeals a circuit court order enjoining the department from deducting funds from Marcus Kerby's prisoner trust account at a rate greater than 25%.[1]  For the reasons explained below, we dismiss this appeal as moot.

¶2    The material facts are not in dispute.  Kerby had judgments of conviction that included express language requiring him to pay outstanding financial obligations at the rate of 25% from his prison wages and work release funds.  The judgments further stated that the department would collect the payments.

¶3    While Kerby was in prison, the department adopted a new policy under which it began deducting funds from prisoner trust accounts at a rate of 50% for restitution, statutory surcharges, and court costs.  Pursuant to this policy, the department began deducting funds from Kerby's account at the rate of 50%.

¶4    Kerby unsuccessfully challenged the department's policy through administrative channels.  He then sought relief in the circuit court.  He argued that the department's policy was contrary to state statutes, the state administrative code, and his judgments of conviction.

¶5    The circuit court granted declaratory and injunctive relief to Kerby. The court ruled that the department's policy violated WIS. STAT. § 973.05(4)(b) (2017-18),[2] and the court enjoined the department from collecting funds from

---

[1] Litscher was the secretary of the department of corrections at the time this appeal was initiated.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Kerby at a rate greater than 25%.[3] The court also ruled that Kerby was not entitled to money damages or a refund for past deductions.

¶6 Litscher appealed and stated three issues on appeal: (1) whether the department properly determined that it has the authority to deduct funds from Kerby's prisoner trust account at a rate of 50%; (2) whether the circuit court erred in concluding that WIS. STAT. § 973.05(4)(b) limits the department's authority to deduct funds from Kerby's account at a rate greater than 25%; and (3) whether the circuit court lacked authority to declare a department policy invalid and to issue an injunction.

¶7 After Litscher appealed, Kerby was released from prison. The parties now agree that all issues in this appeal are moot. "'An issue is moot when its resolution will have no practical effect on the underlying controversy.'" *Portage Cty. v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509 (quoted source omitted).

¶8 Litscher argues that we should nonetheless address the second of his three stated issues. He argues that this issue falls under two exceptions to the mootness doctrine.

¶9 "Appellate courts generally decline to reach moot issues, and if all issues on appeal are moot, the appeal should be dismissed." *Id.*, ¶12. An appellate court "may, however, choose to address moot issues in 'exceptional or compelling circumstances.'" *Id.* (quoted source omitted). The exceptions include:

_____

[3] The circuit court's written order refers to WIS. STAT. § 973.04, but it is apparent that the circuit court intended to refer to WIS. STAT. § 973.05(4)(b).

3

(1) "the issues are of great public importance;" (2) "the constitutionality of a statute is involved;" (3) the situation arises so often "a definitive decision is essential to guide the trial courts;" (4) "the issue is likely to arise again and should be resolved by the court to avoid uncertainty;" or (5) the issue is "capable and likely of repetition and yet evades review."

*Id.* (quoted source omitted).

¶10    Litscher argues that the third and fourth exceptions apply to the second of his three stated issues:  whether the circuit court erred in concluding that WIS. STAT. § 973.05(4)(b) limits the department's authority to deduct funds from Kerby's prisoner trust account at a rate greater than 25%.  He argues that "this issue arises so often that a definitive decision is essential to guide the circuit courts."  Litscher asserts that there are ten Dane County Circuit Court cases that have been stayed pending a decision in Kerby's case, and that a number of these cases concern whether § 973.05(4)(b) or the circuit court's decision in Kerby's case restricts the department's authority to deduct funds from a prisoner trust account at a rate greater than 25%.  Litscher argues that this issue arises often because every inmate has a prisoner trust account, and because the department policy remains in effect.  Litscher argues that resolving this issue will avoid further uncertainty.

¶11    Kerby disagrees that we should decide this issue or any other issue based on the mootness exceptions.  He acknowledges that the department's policy continues to apply to prison inmates.  He argues, however, that the express language in his judgments of conviction requiring deductions at a rate of 25%

distinguishes his case from other cases. Kerby argues that the odds of his particular scenario recurring are low.[4]

¶12 Having considered the parties' arguments, we decline to apply the mootness exceptions to consider the merits of any issue in this case.

¶13 First, the parties' arguments leave us uncertain of the extent to which the express language in Kerby's judgments of conviction might narrow the reach of any decision we make here.

¶14 Second, Litscher does not persuade us that a decision on the second of his three stated issues would be more helpful to other litigants, or would resolve more uncertainty, than a decision on the other issues. In other words, Litscher does not demonstrate that the mootness exceptions apply to his preferred issue more than other issues.

¶15 Third, Litscher does not satisfactorily explain why, as a practical matter, it would be reasonable to consider the merits of only one issue without also considering the merits of other issues. We note that Kerby's alternative arguments for affirming the circuit court raise one or more issues that Litscher has declined to address. It could be that, if we reached the merits of this appeal, an issue other than Litscher's preferred issue should be dispositive.

---

[4] This court appointed Attorneys Jason D. Luczak and Kathryn A. Keppel of the firm Gimbel, Reilly, Guerin & Brown LLP, to represent Kerby through the State Bar of Wisconsin's Appellate Practice Section pro bono program. We commend their volunteer efforts and the quality of the brief they filed on Kerby's behalf. We note that the brief includes alternative arguments on the merits that may be helpful to future litigants.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.